Anahit PATATANYAN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70962.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his pre-

Submitted May 9, 2005.**

Decided May 12, 2005.

Anahit Patatanyan, Glendale, CA, pro se.

Seroj Meserkhani, Law Offices Of Meserkhani & Bagramian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Anahit Patatanyan, a native of Iran and citizen of Armenia, petitions for review of a Board of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's ("IJ") order denying her ap-

decessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plication for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

■ The IJ's adverse credibility determination is supported by Patatanyan's failure to produce evidence that she is a practicing Jehovah's Witness, despite her testimony that she had attended services three times a week for several months in the United States. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997).

■ The IJ was reasonable in requiring corroborating evidence given inconsistencies in Patatanyan's testimony, her "nonresponsive" demeanor, and the fact that another asylum application with an entirely different legal and factual basis had been submitted on Patatanyan's behalf. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) (holding that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce nonduplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review").

■ Because Patatanyan failed to demonstrate that she was eligible for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Aschroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Patatanyan also failed to credibly demonstrate that it was more

likely than not that she would be tortured if removed to Armenia, the IJ properly denied relief under the CAT. *See id.* at 1156–57.

PETITION FOR REVIEW DENIED.